IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KERN S. SALEENA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DOUGLAS COUNTY DISTRICT COURT, NEBRASKA COURT OF APPEALS, and JUDICIAL OFFICERS AND CLERKS, in their official capacities,<br><br>　　　　　　Defendants. | 8:25CV449<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION FOR DISMISSAL FOR WANT OF PROSECUTION |

　　　　This case, filed on July 14, 2025, Filing 1, is before the Court on the December 10, 2025, Findings and Recommendation by United States Magistrate Judge Ryan C. Carson. Filing 9. In his Findings and Recommendation, Judge Carson recommends dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for want of prosecution. Filing 9 at 2.

　　　　Judge Carson's Findings and Recommendation followed his October 20, 2025, Order to Show Cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for want of prosecution, as no Defendants had yet been served. Filing 9 at 1 (citing Filing 6). Plaintiff responded that he was required to travel abroad unexpectedly and was unable to complete service as required, but he would take immediate steps to do so. Filing 9 at 1 (citing Filing 7). Consequently, Judge Carson found good cause and extended Plaintiff's deadline to serve Defendants to December 3, 2025. Filing 9 at 1 (citing Filing 8).

　　　　As Judge Carson explains in his Findings and Recommendation,

　　　　To date, Plaintiffs have not filed a return of service indicating service on any defendant and none of the defendants have voluntarily appeared. This matter has been pending for nearly five months. Plaintiff was previously warned of the consequences if service was not timely made and was given an additional month to

1

> complete service and still has not done so. Even though Plaintiff is proceeding *pro se*, Plaintiff must still comply with local rules, court orders, and the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (A litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"). Given the additional opportunity Plaintiff was given to complete service, the undersigned now recommends the court dismiss Plaintiff's complaint without prejudice.

Filing 9 at 2. Accordingly, Judge Carson recommended, "[P]ursuant to 28 U.S.C. § 636(b), that Plaintiff's complaint be dismissed, without prejudice, in its entirety for want of prosecution without further notice." Filing 9 at 2. Judge Carson also notified the parties "that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation." Filing 9 at 2.

No party has filed objections to the pertinent Findings and Recommendation within the time allowed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2). However, on January 5, 2026, well after the time to file any objection, Plaintiff filed what he entitled "Plaintiff's Notice of Proper Federal Filing and Jurisdiction Clarification." Filing 10.[1] Although Plaintiff asserts among other things "that this Court has subject-matter jurisdiction over the claims asserted herein," Filing 10 at 3, nothing in his Notice can be construed as an objection to dismissal for want of prosecution or as an explanation—let alone an explanation establishing good cause— for his failure to effect proper service on any Defendant. Filing 10 *passim*.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), a district court must review de novo the parts of a magistrate judge's findings and recommendation on a

---

[1] Inexplicably, in his Notice, Plaintiff identifies Defendants to this action as "Jennifer Saleena n/k/a Jennifer Jones, et al." Filing 10 at 1.

2

dispositive or non-dispositive matter to which timely objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections. . . ."). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a de novo review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review Findings and Recommendations to which no objections are filed at least for clear error. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3).

The Court has reviewed the record and finds no error—clear or otherwise—in Judge Carson's pertinent Findings and Recommendation in light of his careful consideration of the circumstances and applicable law. *See Grinder*, 73 F.3d at 795. Accordingly,

3

IT IS ORDERED that

1. the Court accepts the Findings and Recommendation, Filing 9, pursuant to 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72(b)(3); and

2. based on Judge Carson's Findings and Recommendation, this case is dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 4(m).

Dated this 7th day of January, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge