IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KERN S. SALEENA,<br><br>        Plaintiff,<br><br>  vs.<br><br>DOUGLAS COUNTY DISTRICT COURT, NEBRASKA COURT OF APPEALS, and JUDICIAL OFFICERS AND CLERKS, in their official capacities,<br><br>        Defendants. | **8:25CV449**<br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)** |

This case is before the Court on *pro se* Plaintiff Kern S. Saleena's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e) Motion). Filing 12. The Rule 59(e) Motion follows this Court's Order Accepting Findings and Recommendation for Dismissal for Want of Prosecution. Filing 11. For the reasons stated below, Saleena's Rule 59(e) Motion is denied.

## I. INTRODUCTION

### A. Prior Proceedings

The dismissal of this action for want of prosecution stems from Judge Carson's December 10, 2025, Findings and Recommendation. Filing 9. In his Findings and Recommendation, Judge Carson stated,

> To date, Plaintiff[ ] ha[s] not filed a return of service indicating service on any defendant and none of the defendants have voluntarily appeared. This matter has been pending for nearly five months. Plaintiff was previously warned of the consequences if service was not timely made and was given an additional month to complete service [after an Order to Show Cause] and still has not done so. Even though Plaintiff is proceeding *pro se*, Plaintiff must still comply with local rules, court orders, and the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se*

1

representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (A litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"). Given the additional opportunity Plaintiff was given to complete service, the undersigned now recommends the court dismiss Plaintiff's complaint without prejudice.

Filing 9 at 2. Accordingly, Judge Carson recommended, "[P]ursuant to 28 U.S.C. § 636(b), that Plaintiff's complaint be dismissed, without prejudice, in its entirety for want of prosecution without further notice." Filing 9 at 2. Judge Carson also notified the parties "that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation." Filing 9 at 2.

No party filed objections to the pertinent Findings and Recommendation within the time allowed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2). However, on January 5, 2026, well after the time to file any objection, Plaintiff filed what he entitled "Plaintiff's Notice of Proper Federal Filing and Jurisdiction Clarification." Filing 10.[1] Plaintiff asserted among other things "that this Court has subject-matter jurisdiction over the claims asserted herein." Filing 10 at 3. However, this Court found that nothing in Saleena's Notice could be construed as an objection to dismissal for want of prosecution or as an explanation—let alone an explanation establishing good cause—for his failure to effect proper service on any Defendant. Filing 11 at 2.

Consequently, this Court reviewed Judge Carson's Findings and Recommendation for clear error pursuant to *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); 28 U.S.C. § 636(b)(1); and Federal Rule of Civil Procedure 72(b)(3). Filing 11 at 3. After reviewing the

---

[1] Inexplicably, in his Notice, Plaintiff identified Defendants to this action as "Jennifer Saleena n/k/a Jennifer Jones, et al." Filing 10 at 1. His original Complaint for Declaratory Judgment and Injunctive Relief under 42 U.S.C. § 1983 identified the defendants as Douglas County District Court, Nebraska Court of Appeals, and Judicial Officers and Clerks, in their official capacities, but it did not identify Jennifer Saleena or Jennifer Jones as a defendant. Filing 1. Plaintiff's identification of Defendants in his Rule 59(e) Motion again as "Jennifer Saleena n/k/a Jennifer Jones, et al.," Filing 12, is even more inexplicable.

record, the Court found no error—clear or otherwise—in Judge Carson's pertinent Findings and Recommendation in light of his careful consideration of the circumstances and applicable law. Filing 11 at 3 (citing *Grinder*, 73 F.3d at 795). Accordingly, the Court accepted the Findings and Recommendation, Filing 9, pursuant to 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72(b)(3), and dismissed this action for want of prosecution pursuant to Federal Rule of Civil Procedure 4(m). Filing 11 at 4.

### B. Saleena's Rule 59(e) Motion

In Saleena's Rule 59(e) Motion now before the Court, Saleena moves the Court to alter or amend the Judgment that dismissed this action for want of prosecution under Federal Rule of Civil Procedure 4(m). Filing 12 at 1. He states,

> This motion is filed timely and is submitted for the limited purpose of demonstrating good cause under Rule 4(m), clarifying Plaintiff's diligence, and requesting vacatur of the dismissal and limited procedural relief to ensure the record accurately reflects Plaintiff's prosecution of this matter.

Filing 12 at 1.

In support of his Motion, Saleena asserts that he transmitted court-related documents via certified mail, reasonably believing that satisfied his service obligations. Filing 12 at 2. He submits in support two certified mail receipts showing mailings on November 25, 2025, and one confirmation of delivery to the "NE Court of Appeals, Attn: Clerk of the Court," dated December 1, 2025. Filing 12 at 6, 8. He argues that he is proceeding without counsel, that he acted based on a "reasonable understanding" of procedural requirements, and that any perceived deficiency in service was "technical." Filing 12 at 2. He also contends that he did not ignore deadlines or abandon prosecution of this action because he "actively monitored the docket, filed submissions, and corresponded with courts during the relevant timeframe." Filing 12 at 2. He also asserts that

3

Defendants have not been prejudiced by any delay because no responsive pleadings were filed, no discovery occurred, and no substantive proceedings were undertaken prior to dismissal. Filing 12 at 2. He also argues that dismissal for failure to complete service is discretionary not mandatory and that it is unduly harsh under the circumstances presented. Filing 12 at 2. He states,

> Plaintiff respectfully submits that dismissal for want of prosecution was based on a misunderstanding of Plaintiff's service efforts and active prosecution of this case. Granting this motion would prevent manifest injustice, accurately reflect the procedural record, and allow this matter to proceed without prejudice to any party.

Filing 12 at 3.

Saleena seeks the following relief:

> Plaintiff does not seek immediate adjudication on the merits. Plaintiff respectfully requests only that the Court:
>
> 1.    Alter or amend the Judgment pursuant to Rule 59( e );
>
> 2.    Vacate the dismissal entered under Rule 4(m); and
>
> 3.    Grant Plaintiff a brief extension of time, if deemed necessary by the Court, to file proof of service or to cure any technical deficiency in service already affected upon Defendants.

Filing 12 at 3.

## II.  LEGAL ANALYSIS

### A.  Applicable Standards

"[Federal] Rule [of Civil Procedure] 59(e) was adopted as a mechanism for the district court to correct its own mistakes shortly after entering judgment." *Nordgren v. Hennepin Cnty.*, 96 F.4th 1072, 1077 (8th Cir. 2024) (citing *Banister v. Davis*, 590 U.S. 504 (2020)). Consequently, Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Saleena's Rule 59(e) Motion is timely

4

because it was filed just eight days after the Court filed the Order Accepting Findings and Recommendation for Dismissal for Want of Prosecution that Saleena now challenges.

The Eighth Circuit "review[s] rulings on Rule 59(e) motions for abuse of discretion: District courts have broad discretion in determining whether to alter or amend judgment under Rule 59(e); we will not reverse absent a clear abuse of discretion." *Cont'l Indem. Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (cleaned up). The Eighth Circuit has explained further, "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (internal quotations and citations omitted); *accord Nordgren*, 96 F.4th at 1077 ("Rule 59(e) has a corrective purpose and as such cannot be used as a vehicle to tender new legal theories, raise arguments that could have been made prior to the issuance of judgment, re-argue the merits of claims, or suspend a judgment's finality without specifically identifying for the court a manifest error of law or fact that needs correcting.").

### B.  Saleena Has Not Cited Any Manifest Error or Newly Discovered Evidence

The Court concludes that Saleena is not entitled to any relief on his Rule 59(e) Motion. First, Saleena has failed to identify any manifest errors of law or fact that require correction. *See Cont'l Indem. Co.*, 7 F.4th at 717 ("Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact. . . ." (internal quotations and citations omitted)). There was and is no proof of service on any defendant in this action. No proof of service was filed on the docket. Fed. R. Civ. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court."). Even if this requirement could be considered merely "technical," Judge Carson made

clear to Saleena what was required to complete service when he stated in the Order to Show Cause, "To date, Plaintiff has not filed a return of service indicating service on any defendant and none of the defendants have voluntarily appeared." Filing 6 at 1. As Judge Carson pointed out, Saleena's *pro se* status does not excuse his compliance with court orders or rules of procedure. Filing 9 at 2 (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996), and *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002)).

Saleena's Notice of Proper Federal Filing and Jurisdictional Clarification does not state that proper service was made on any party, only that he received correspondence from the Clerk of the Nebraska Court of Appeals that no active appeal remained pending, that the state court matters were final, and that filings "misdirected" to the state court had been returned. Filing 10 *passim*; Filing 10 at 5–6 (state court response and Saleena's notice to federal court). Saleena did not argue in that filing—and certainly did not show—that any defendant had been served with his Complaint in this action. Also, as the Court explained when reviewing Judge Carson's Findings and Recommendation, the Court "f[ou]nd no error—clear or otherwise—in Judge Carson's pertinent Findings and Recommendation in light of his careful consideration of the circumstances and applicable law." Filing 11 at 3. Saleena has not identified any part of Judge Carson's Findings and Recommendation or this Court's Order accepting Judge Carson's Findings and Recommendation that Saleena contends is manifestly erroneous. Filing 12 *passim*. The Court finds no such manifest error.

Second, Saleena has not presented any newly discovered evidence to support amendment of the judgment. *See Cont'l Indem. Co.*, 7 F.4th at 717 ("Motions under Rule 59(e) serve the limited function . . . to present newly discovered evidence. . . ." (internal quotations and citations omitted)). The certified mailing receipts and the proof of delivery that Saleena cites are dated

November 25, 2025, and December 1, 2025, respectively. Filing 12 at 6–8. Thus, they were not "newly discovered evidence" because they were known to him before Judge Carson recommended dismissal for want of prosecution and this Court entered such dismissal. Also, the documents submitted do not show what was mailed or delivered, so that they do not prove that Saleena actually attempted or accomplished service on any Defendant.

In short, the Court finds no basis to alter or amend the dismissal of this case for want of prosecution. The Court also finds no basis to give Saleena yet another bite at the apple to try to accomplish service on Defendants.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that *pro se* Plaintiff Kern S. Saleena's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e) Motion), Filing 12, is denied.

Dated this 24th day of April, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

7